UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONALD T. COURVILLE, SR.,
DEBORAH L. COURVILLE, AND
RONALD T. COURVILLE, JR.,

CIVIL ACTION

VERSUS

NATIONAL FREIGHT, INC.,
RICHARD BOSS, *ET AL*

No. 09-CV-136

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PUNITIVE DAMAGES

This matter is before the Court on a Motion for Partial Summary Judgment Regarding Punitive Damages (Doc. No. 26) filed by defendants, National Freight, Inc. and Richard Boss. Plaintiffs have filed joint opposition (Doc. No. 30). Defendants have filed a reply (Doc. No. 35), plaintiffs filed a sur-reply (Doc. No. 43), and defendants have replied to plaintiff's sur-reply (Doc. No. 52). Jurisdiction is allegedly based on diversity, 28 U.S.C. § 1332. The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the defendants' motion should be **DENIED** for the following reasons.

This action arises from an automobile collision between plaintiff, Ron Courville, Sr. (Hereinafter "Courville") and defendant, Richard Boss (Hereinafter "Boss") which occurred at the intersection of U.S. Route 190 and Louisiana Highway 415 in West Baton Rouge Parish, on June 24, 2008. Plaintiffs allege that Boss was intoxicated by an overdose of insulin while operating an 18-wheel

Doc#1848

tractor-trailer, that the alleged intoxication was the cause-in-fact of Courville's injuries sustained during the collision, and that the injuries were caused by Boss' wanton or reckless disregard for the rights and safety of Courville. As such, Plaintiffs allege that Boss is entitled to an award of punitive damages under Louisiana Civil Code Article 2315.4, which provides:

> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.[1]

The decision to award exemplary damages under La. C.C. art. 2315.4 rests within the sound discretion of the trier of fact.[2]

In this Motion, plaintiffs argue that Boss was intoxicated by an overdose of insulin. Defendants argue that Boss was not intoxicated at the time of the accident, or alternatively, that any abnormal mental or physical state experienced by Boss at the time of the accident was caused by a lack of insulin. The record contains conflicting evidence on the issue of whether Boss' condition (if any) at

---

[1] "Recovery of exemplary damages [under this statute] requires proof of three elements: (1) that the defendant was intoxicated or had consumed a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties; (2) that the intoxication was a cause-in-fact of the resulting injuries; and (3) that the injuries were caused by the defendant's wanton or reckless disregard for the rights and safety of others." **Minvielle v. Lewis**, 610 So.2d 942, 946 (La. App. 1st Cir.1992).

[2] **Lafauci v. Jenkins**, 844 So.2d 19, 25 (La. App. 1st Cir. 2003), writ denied, 842 So.2d 403 (La.4/25/03) (citing **Khaled v. Windham**, 657 So.2d 672, 681 (La. App. 1st Cir. 1995)); see also **Boulmay v. Dubois**, 593 So.2d 769, 775 (La. App. 4th Cir.1992); **Silver v. Nelson**, 610 F. Supp. 505 (E.D. La.1985).

the time of the accident was due to a lack of insulin, as maintained by defendants, or by too much insulin, as maintained by the plaintiffs. Thus, after careful consideration of the record, the Court finds that there are genuine issues of material fact in dispute and that summary judgment is not appropriate.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that the defendants' Motion for Partial Summary Judgment Regarding Punitive Damages (Doc. No. 26) is **DENIED**.

Baton Rouge, Louisiana, this 22nd day of March, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
**MIDDLE DISTRICT OF LOUISIANA**