## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

RONALD T. COURVILLE, SR., ET AL.                    CIVIL ACTION

VERSUS

NATIONAL FREIGHT, INC., ET AL.                      No. 09-CV-136


### RULING ON MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter is before the Court on two Motions to Dismiss for Lack of Personal Jurisdiction. The first Motion was filed by Defendants, Medero Medical of Orange South, L.L.C. ("Medero") and Dr. Edward Demmi ("Demmi") (Doc. No. 61). The second Motion was filed by Defendant, Dr. Carol Grant ("Grant") (Doc. No. 73). Plaintiffs, Ronald Courville, Sr., Deborah Courville, and Ronald Courville, Jr., have filed Opposition to Defendants' Motions (Docs. No. 64 & 75). Defendants have replied (Doc. No. 81 & 83). Jurisdiction is allegedly based on diversity, 28 U.S.C. § 1332. The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the defendants' Motions should be **GRANTED** for the following reasons.

### BACKGROUND

This action arises from an automobile collision between Plaintiff, Ron Courville, Sr. (hereafter "Courville"), and Defendant, Richard Boss (hereafter "Boss"), in West Baton Rouge Parish, Louisiana. Plaintiffs allege that Boss, an

Doc#1873

insulin-dependent diabetic, was intoxicated by an overdose of insulin while operating an 18-wheel truck and that the intoxication was the cause in fact of the collision between Boss and Courville.

National Freight, Inc. ("NFI") employed Boss to drive its truck.  Before NFI employs its drivers, the Federal Motor Carrier Safety Administration ("FMCSA") requires that the drivers be certified by a medical examiner.  The medical examiner must perform a medical evaluation on prospective drivers and certify that the drivers do not have a condition which might affect their ability to operate a commercial vehicle.  NFI uses a third-party contractor, ChoicePoint, to choose its medical examiners.  ChoicePoint selects the medical clinic where NFI sends its prospective employees for Department of Transportation ("DOT") physicals.  When DOT physicals are completed, NFI is billed by ChoicePoint and the medical clinic sends the completed certificate and forms to an NFI recruiter.

In the instant suit, ChoicePoint chose to send Boss to Medero to conduct his DOT physical.  Plaintiffs allege that Grant and Demmi are employed by Medero and that Grant and/or Demmi issued a medical certification to Boss despite the fact that he was an insulin-dependent diabetic and was medically unqualified to operate a commercial motor vehicle under federal law.

Defendants Medero, Grant, and Demmi allege that this Court lacks personal jurisdiction.  Plaintiffs allege that they have specific jurisdiction over Medero, Grant, and Demmi because the defendants knew or should have known

Doc#1873                                                   2

that Boss was seeking a medical certification to drive a commercial motor vehicle across state lines and that their failure to diagnose and report Boss' insulin-dependent condition was highly likely to cause a collision in Louisiana.

Medero is a Florida limited liability company with citizenship in the State of Florida. Demmi and Grant are physicians licensed in Florida, citizens of Florida, and provide medical services in Florida. Medero, Demmi, and Grant conduct business solely in Florida. Medero, Demmi, and Grant do not have offices outside of Florida, nor are they authorized to conduct business outside of Florida. None of the defendants herein have a mailing address or telephone listing outside of Florida. None own property in Louisiana, maintain financial accounts in Louisiana, or have registered agents for service of process in Louisiana. All examinations and testing of Boss by Medero and its employees were conducted in Florida. NFI is organized under the laws of New Jersey with its principal place of business in New Jersey. At the time Boss was examined, Boss lived in Florida, worked out of Florida, and was a resident of Florida.

## LEGAL STANDARD

When, as here, a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to show that personal jurisdiction exists.[1] When a court rules on this issue without a full evidentiary

---

[1] See **Stuart v. Spademan**, 772 F.2d 1185, 1192 (5th Cir. 1985).

hearing, plaintiffs need only make a prima facie showing of jurisdiction.[2] In determining whether plaintiffs have made a prima facie showing of jurisdiction, the Court accepts as true the allegations in the complaint, unless controverted by opposing affidavits, and resolves all factual conflicts in favor of the plaintiff.[3] In making its determination, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of ... recognized [discovery] methods."[4]

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment.[5] Because Louisiana's long-arm statute extends jurisdiction to the full limits of due process,[6] the Court must determine only whether the exercise of its jurisdiction in this case satisfies federal due process requirements. The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum

---

[2] See **Wilson v. Belin**, 20 F.3d 644, 648 (5th Cir.1994).

[3] **Id.**

[4] **Thompson v. Chrysler Motors Corp.**, 755 F.2d 1162, 1165 (5th Cir . 1985).

[5] See **Latshaw v. Johnston**, 167 F.3d 208, 211 (5th Cir.1999).

[6] See La.Rev.Stat. § 13:3201(B).

contacts" with that state and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[7] Minimum contacts may give rise either to "specific" personal jurisdiction or "general" personal jurisdiction.[8] Specific jurisdiction exists when a plaintiff's cause of action arises from or is related to the defendant's minimum contacts.[9] General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contact with the forum state, if the defendant has engaged in "systematic and continuous" activities in the forum state.[10] Plaintiffs do not argue that this Court has general jurisdiction.  The Court must therefore determine whether specific jurisdiction exits.

To determine whether specific jurisdiction exists, courts examine whether the defendant purposefully availed himself of the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities.[11] The defendants' connection with the forum state must

---

[7] **Latshaw**, 167 F.3d at 211 (citing **Int'l Shoe Co. v. Washington**, 326 U.S. 310, 316 (1945)).

[8] See **Id.**

[9] **Helicopteros Nacionales de Colombia, S.A. v. Hall**, 466 U.S. 408, 414 n. 8 (1984); **Wilson**, 20 F.3d 644 at 647.

[10] See **Helicopteros**, 466 U.S. at 414 n. 9; **Wilson**, 20 F.3d at 647.

[11] See **Guidry v. United States Tobacco Co., Inc.**, 188 F.3d 619, 625 (5th Cir.1999); **D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.**, 754 F.2d 542, 547-48 (5th Cir.1985).

be such that they "should reasonably anticipate being haled into court" there.[12] In order to determine whether defendants have purposefully availed themselves of the privilege of conducting activities within this forum, the Court must consider factors such as the quality, nature and extent of defendants' activities in this forum, and the relationship between the cause of action and the contacts.[13]

## DISCUSSION

Plaintiffs rely on the "effects test" set out in **Calder v. Jones**,  465 U.S. 783 (1984), and **Guidry**, supra, to support this Court's exercise of jurisdiction over Defendants.  Specifically, Plaintiffs allege that the effects of Defendants' failure to adequately examine, test, and evaluate Richard Boss in Florida were seriously harmful and were highly likely to cause a collision in the State of Louisiana.  In support of their argument, Plaintiffs point to Medero's Website and the FMCSA form that Medero used to conduct Boss' medical examination.  Medero's Website contains a listing of the various services it performs.  Among the listing is a statement that Medero performs DOT physical examinations.[14] The FMCSA form states that the purpose of the examination is to determine a driver's physical

---

[12] **Latshaw**, 167 F.3d at 211 (citing **World-Wide Volkswagen Corp. v.. Woodson**, 444 U.S. 286, 297 (1980)).

[13] See **D.J. Investments**, 754 F.2d at 545 n. 1 (quoting **Prejean v. Sonatrach, Inc.**, 652 F.2d 1260, 1268 (5th Cir.1981)).

[14] Record Document No. 64-8, Plaintiffs' Exhibit H.

qualification to operate a commercial motor vehicle in interstate commerce.[15]

In **Calder**, a reporter living in Florida published an allegedly defamatory article in the National Enquirer, a publication based in Florida but with national distribution, about a popular entertainer living in California. The allegedly libelous story concerned the California activities of a California resident and entertainer, Shirley Jones. Importantly, the Supreme Court noted that the article drew from California sources and that the reporter and publishers of the article knew that "the brunt of th[e] injury would be felt by respondent in the State in which she lives and works and in which the National Enquirer has its largest circulation."[16] The Supreme Court found that under those circumstances the petitioners could "reasonably anticipate being haled into court" in California.[17]

In **Guidry**, the Fifth Circuit embraced and expanded the **Calder** "effects" test to torts outside the libel context.  Specifically, the Fifth Circuit  found that "[e]ven an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct."[18] The **Guidry** plaintiff

---

[15] Record Document No. 64-4, Plaintiffs' Exhibit D, p. 5.

[16] **Calder**, 465 U.S. at 789-90.

[17] **Id.** at 790 (quoting **World-Wide Volkswagen Corp.**, 444 U.S. at 297).

[18] **Guidry**, 188 F.3d at 628 (emphasis added).

alleged that as a result of defendants' false representations as to the addictive and cancer-causing effects of tobacco products sold in Louisiana, he became addicted and contracted cancer from his repeated purchase and use of the products. In finding that the district court had sufficient minimum contacts, the Fifth Circuit noted that defendants' alleged intentional and negligent actions were knowingly initiated and aimed at tobacco users in Louisiana; each defendant made false misrepresentations of facts that it knew would have a "potentially devastating physically harmful impact" on Louisiana residents, including the plaintiff, and each defendant knew that the brunt of that injury would be felt by the plaintiffs and other citizens in the state in which they lived.

Although the effects test set forth in **Guidry** is more expansive than that in **Calder**, the Fifth Circuit recently cautioned that "[f]oreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum."[19] Accordingly, the Court finds that, unlike the acts performed by the defendants in **Calder** and **Guidry**, there is no evidence that Medero, Demmi, or Grant's actions were specifically targeted at Louisiana.

Although Plaintiffs have established that the effects of the alleged failure to

---

[19] **McFadin v. Gerber**, 587 F.3d 753, 759 (5th Cir.2009) (citing **Wien Air Alaska, Inc. v. Brandt**, 195 F.3d 208, 212 (5th Cir.1999) which expressed concern that too broad a reading would subject a nonresident defendant "to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts, and would have to appear in Texas to defend the suit no matter how groundless or frivolous the claim may be").

diagnose and report Boss' diabetes were felt in Louisiana, that is insufficient to establish specific jurisdiction.[20] Plaintiffs must allege that Defendants' failure to properly diagnose and report Boss' condition was specifically "aimed" at Louisiana.  As defendants note, the fact that Medero uses a federal form to issue medical certification does not suggest that Medero "specifically directed" activity towards Louisiana.  Similarly, the fact that Medero published a Website stating that it engages in DOT physical examinations, in addition to a host of other services, does not suggest that Medero "specifically directed" its advertisements towards Louisiana residents.  In short, there is no evidence that the brunt of Defendants' failure to properly certify Boss would be felt by the Plaintiffs in Louisiana.

## CONCLUSION

Plaintiffs bear the burden to show that personal jurisdiction exists.[21] Plaintiffs have failed to show that the defendants' connection with the forum state was such that they "should reasonably anticipate being haled into court" there.[22] Therefore, this Court lacks personal jurisdiction over Medero, Demmi, and Grant. Accordingly, for the foregoing reasons assigned,

---

[20] See Revell v. Lidov, 317 F.3d 467, 473 (5th Cir.2002) ("the plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction").

[21] See Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir.1985).

[22] Latshaw, 167 F.3d at 211 (citing World-Wide Volkswagen Corp. v.. Woodson, 444 U.S. 286, 297 (1980)).

IT IS ORDERED that the Motions to Dismiss (Docs. No. 61 & 73) filed by

Defendants, Medero Medical of Orange South, L.L.C., Dr. Edward Demmi, and

Dr. Carol Grant, are GRANTED.

Baton Rouge, Louisiana, this *14th* day of *September*, 2010.


RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA