UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


RONALD T. COURVILLE, ET AL

VERSUS

NATIONAL FREIGHT, INC., ET AL

CIVIL ACTION

NUMBER 09-136-RET-SCR

**RULING ON MOTION TO QUASH SUBPOENA**

Before the court is National Freight, Inc.'s and Richard Boss' Motion to Quash Subpoena Issued to RAIR Technologies, LLC and for Protective Order and Costs. Record document number 84. The motion is opposed.[1]

Plaintiffs issued a subpoena to RAIR Technologies, LLC (hereafter, RAIR) for the production of documents, including the following:

> (1) any and all contracts, amendments/addendum/exhibits to contracts, correspondence, spreadsheets, billing records, and audit reports for the period 01/01/2006 through the present;
> (2) any [and] all driver logs for the period 01/1/2006 through the present; and
> (3) any and all documents that pertain in any way to any review or audit or other analysis of the hours of service logs for Richard A. Boss (DOB: 08/21/1957).

The subpoena was later revised to remove audit reports from item (1), clarify that item (2) was "for Richard Boss, Tractor No. 175038 ID# BOSRIC" and item (3) was for "Tractor No. 175038 ID#

---

[1] Record document number 85. Defendants filed a reply memorandum. Record document number 88. Plaintiffs filed a sur-reply memorandum. Record document number 91.

BOSRIC."

This case involves a June 24, 2008 accident in which defendant Boss, an employee of defendant National Freight, Inc. (hereafter, NFI), was driving an 18-wheel tractor trailer which collided with a pickup truck being operated by plaintiff Ronald T. Courville, Sr. Plaintiffs alleged that defendant Boss was suffering from an insulin-induced diabetic episode which caused him to lose virtually all of his cognitive abilities and drive his 18-wheeler the wrong way down a divided highway before ultimately striking Courville's pickup truck head on. According to the plaintiffs, who also seek punitive damages,[2] a central issue is whether defendant Boss was observing federally mandated hours of service regulations before the accident, and whether defendant NFI was fulfilling its duty to monitor its employee to insure that he was observing the hours of service regulations.  Plaintiffs also asserted claims against defendant NFI based on violations of several Federal Motor Carrier Safety Regulations.[3]

Federal regulations and defendant NFI's policy require drivers such as defendant Boss to maintain certain logs and carry them in their trucks.  Defendants have not produced any of the logs defendant Boss was required to keep.  Some logs were seized from

---

[2] Defendants' motion for summary judgment on the issue of punitive damages was denied. Record document number 63.

[3] Record document number 41, Plaintiff's Amended Complaint, ¶ 9.

2

defendant Boss's truck and these were produced by the Louisiana State Police.  But, according to the plaintiffs, these did not cover 30 days as required by defendant NFI's policy, and there was not even a complete week of logs in Boss's truck (only six of the seven days before the accident were covered).

Notwithstanding a formal request from counsel for the plaintiffs on November 20, 2008 for defendant NFI to preserve all evidence,[4] it has not produced a single driver log.  As explained by defendant NFI's vice president Otilio Lee Robledo in his deposition, defendant NFI contracts with RAIR to insure that NFI complies with federal driver log regulations and the record keeping requirements associated with them.  Consequently, the plaintiffs issued the subpoena to RAIR for production of documents in its possession.

In response to the subpoena, counsel for RAIR advised plaintiffs' counsel that RAIR set aside some documents responsive to item (1) but has not produced them at defendant NFI's request.[5]  Counsel for RAIR also stated that RAIR does not possess documents responsive to items (2) and (3).

Defendants moved to quash the subpoena on the ground that the plaintiffs seek "large amounts of material in no way relevant," the subpoena is overbroad, and producing the requested documents will

---

[4] Record document number 85-2, exhibit B.

[5] Record document number 85-3, exhibit C.

impose an undue burden and expense on RAIR. Defendants conceded that Boss's driver logs are relevant, but objected to production of other documents which go beyond defendant Boss and the circumstances of this accident.

Both defendant NFI and RAIR maintain that they do not have any driver logs for defendant Boss (subpoena item (2)), and RAIR maintains that it has no review, audit or other analysis of defendant Boss's hours of service logs (subpoena item (3)). Plaintiff has offered nothing to refute their assertions.

Plaintiffs have not shown that all of the documents responsive to subpoena item (1) are relevant or are "reasonably calculated to lead to the discovery of admissible evidence."[6] However, correspondence between RAIR and defendant NFI regarding defendant Boss or the subject accident, and hours of service violations by other NFI drivers, is reasonably calculated to lead to the discovery of admissible evidence and therefore is discoverable.

Robledo testified that RAIR would have reviewed driver logs after an accident to determine whether there were any hours of service violations.[7] Therefore, it is reasonable to conclude that any post-accident review, audit or other analysis of defendant Boss's logs by RAIR would contain information about his hours of service before the accident. Other documents pertaining to any

---

[6] Rule 26(b)(1), Fed.R.Civ.P.

[7] Record document number 91, exhibit I.

such review or audit are also discoverable because they also are reasonably calculated to lead to the discovery of admissible evidence.  Moreover, reviews or audits would likely reveal any previous hours of service violations by defendant Boss and whether they were reported to defendant NFI.  But as noted above, RAIR maintains that it has no records responsive to subpoena item (3).

Defendants also sought a protective order limiting the scope of the plaintiff's discovery from any other third parties to only documents relating to defendant Boss and/or the events surrounding the subject accident.  Other than mentioning that the plaintiffs issued 23 third-party subpoenas, the defendants did not further address this aspect of their motion.  There is insufficient information regarding these other subpoenas to find good cause exists for such a protective order.

Pursuant to Rule 37(a)(5)(C), Fed.R.Civ.P., the defendants' request for an award of costs is denied.

Accordingly, National Freight, Inc.'s and Richard Boss' Motion to Quash Subpoena Issued to Rair Technologies, LLC and for Protective Order and Costs is granted in part and denied in part. Defendant's motion is granted to the extent that item (1) of the plaintiffs' subpoena to RAIR Technologies, LLC is limited to production of correspondence (in any form) regarding defendant Boss or the subject accident, and hours of service violations by other NFI drivers. Defendants' motion is denied as to items (2) and (3).

Even though RAIR advised counsel for the plaintiff that it has no documents responsive to either item (2) or (3), the defendants have not shown that these aspects of the subpoena are overbroad, unduly burdensome or seek information not discoverable under Rule 26. Consequently, if RAIR later locates responsive documents it will be required to produce the documents.  Defendants' request for an award of costs is also denied.  The parties shall bear their respective costs incurred in connection with this motion.

 Baton Rouge, Louisiana, October 8, 2010.

           STEPHEN C. RIEDLINGER
           UNITED STATES MAGISTRATE JUDGE