UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD T. COURVILLE, SR., ET AL      CIVIL ACTION

VERSUS      NUMBER 09-136-RET-SCR

NATIONAL FREIGHT, INC., ET AL

### **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 17, 2011.

                       STEPHEN C. RIEDLINGER
                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD T. COURVILLE, SR., ET AL     CIVIL ACTION

VERSUS     NUMBER 09-136-RET-SCR

NATIONAL FREIGHT, INC., ET AL

### **MAGISTRATE JUDGE'S REPORT**

Before the court is the Plaintiffs' Motion to Remand. Record document number 111. The motion is opposed.[1]

Plaintiffs filed this claim in state court to recover damages resulting from a collision with defendant Richard Boss who was driving an 18-wheeler for defendant National Freight, Inc. (hereafter, NFI). On March 12, 2009, the defendants removed the case to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendants alleged that the parties were completely diverse, specifically stating that the plaintiffs were citizens of Louisiana, defendant NFI was a New Jersey corporation, and defendant Boss was a citizen of Florida.

On December 20, 2010, the plaintiffs moved to remand, arguing that Boss' consent to removal was invalid. Plaintiffs argued that the record shows that defendant Boss was not represented by any counsel at the time the consent was executed. Thus, counsel for NFI did not have the authority to consent to removal on behalf of

---

[1] Record document number 114. Plaintiffs filed a reply memorandum. Record document number 120. Defendants filed a sur-reply. Record document number 119.

defendant Boss.

Plaintiffs argued that the 30-day time limitation to move for remand under 28 U.S.C. § 1447(c) had not expired because the error in consent was not discovered until defendant Boss was deposed on November 30, 2009. Plaintiffs argued that they filed their motion to remand within 30 days from becoming aware of the defect.

Defendants argued that they were not required to obtain defendant Boss' consent because the state court record contained no proof that he had been served at the time removal was filed. Alternatively, the defendants argued that NFI retained counsel from Leake & Andersson, L.L.P. to represent his interests in this matter, and counsel for NFI had the authority to consent on behalf of defendant Boss because Boss was informed during his employee orientation that NFI would retain and pay for an attorney to represent him in the event that he was sued for acting negligently while in the course and scope of his employment. This counsel executed the defendant Boss' consent on March 17, 2009. Defendants noted that defendant Boss did not object to this Court's jurisdiction or his representation by counsel retained for him at the time of removal. Defendants also argued that the plaintiffs' motion to remand is untimely because they were aware of the inability of counsel's to personally confer with defendant Boss a year prior to his deposition. Thus, the plaintiffs had knowledge of the defect in the consent for more than a year.

## Applicable Law

The rule of unanimity requires that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 (5th Cir. 1988). All served defendants must join in the petition for removal within thirty days of service on the first defendant. If consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood*, 969 F.2d 165, 167, 169 (5th Cir. 1992). "A motion to remand [] on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal []." 28 U.S.C. § 1447(c).

## Analysis

A review of the record and the parties' arguments support the conclusion that the Plaintiffs' Motion to Remand is untimely. Because the plaintiffs alleged a procedural deficiency, they were required to file their motion to remand within 30 days of the filing of the notice of removal. Plaintiffs argued that their lack of knowledge of the defect in Boss' consent interrupted the § 1447(c) time limit. To support this argument the plaintiffs relied on *In re Shell Oil Co.,* which noted that the purpose behind the § 1447(c) time limit is to prohibit parties aware of removal defects

from holding them in reserve as a means of forum shopping.[2] Not only are the issues addressed in *Shell Oil* readily distinguishable, the *Shell Oil* court did not hold or even indicate that the time period for seeking remand based on procedural deficiencies does not apply when the asserted procedural defect is unknown. Plaintiffs cited no statute or controlling case law authorizing the interruption of § 1447(c)'s 30-day time limit in circumstances similar to those in this case.

Plaintiffs also asserted that they did not know about the defect in defendant Boss' consent to removal until his deposition was taken on November 30, 2010. However, the record establishes that the plaintiffs had sufficient information in November and December 2009 to notify them of the consent issue. Defense counsel exchanged multiple communications with the plaintiffs' counsel stating their inability to contact defendant Boss.[3] Thus, even if the plaintiffs had established that the § 1447(c) 30-day time limitation could be extended based on lack of knowledge, the plaintiffs' motion to remand would still be untimely because sufficient information alerting them to the defect was provided more than a year before the motion was filed.

Defendants also demonstrated that the circumstances in this case would warrant application of an equitable exception to the

---

[2] 932 F.2d 1523 (5th Cir. 1991).

[3] Record document number 114, Exhibit E.

rule of unanimity, as permitted by *Gillis v. Louisiana* and *Getty Oil*.[4] The record shows that defendant Boss was informed by NFI during his employee orientation that NFI would obtain and pay for counsel to defend its employee's interest in claims brought against the employee for acts committed while working in the course and scope of employment.[5] Defendants provided an affidavit from defendant Boss stating that he was aware NFI obtained counsel from Leake & Andersson to represent his interests at the time the lawsuit was filed.[6] Defendant Boss also ratified his past representation by counsel from Leake & Andersson and removal to this Court.[7] Furthermore, there has been significant progress in this case, including discovery and dispositive motions, joinder of additional defendants, and an appeal by the plaintiffs.[8] Based on these circumstances the *Getty* equitable exception would permit this

---

[4] 294 F.3d 755 (5th Cir. 2002); *Getty Oil*, 841 F.2d at 1263, n. 12 (holding "[e]xceptional circumstances" might permit removal even when a defendant fails to comply fully with § 1446 within the thirty-day removal period.)

[5] Record document number 114, Exhibit C, Affidavit of Otilio Lee Robledo.

[6] Record document number 114, Exhibit D, Affidavit of Richard A. Boss., ¶ 5.

[7] *Id.*, ¶¶ 4 and 6.

[8] Record document number 12, motion to compel discovery; number 26, motion for partial summary judgment; number 41, amended complaint; numbers 61 and 73, motions to dismiss for lack of personal jurisdiction; number 84, motion to quash subpoena and for protective order; number 97, notice of appeal.

5

Court to retain jurisdiction.

## Recommendation

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be denied.

Baton Rouge, Louisiana, February 17, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE