UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RONALD T. COURVILLE, SR.,　　　　　　　　　　CIVIL ACTION
DEBORAH L. COURVILLE, AND
RONALD T. COURVILLE, JR.

VERSUS

NATIONAL FREIGHT, INC.,　　　　　　　　　　No. 09-CV-136
RICHARD BOSS, *ET AL*

## RULING ON MOTIONS

This matter is before the Court on a Motion for Sanctions (Doc. No. 96) filed by Defendant, National Freight, Inc. ("NFI") and a Motion to Tax Costs and Assess Reasonable Attorneys' Fees by all Plaintiffs (Doc. No. 100). The Court, having reviewed the record, the law, and the arguments of the parties, now concludes that the motions should be **DENIED** for the following reasons.

## BACKGROUND

This action arises from an automobile collision between Plaintiff, Ron Courville, Sr., and Richard Boss, a truck driver employed by NFI. Defendant moves this Court to issue an Order sanctioning Plaintiffs "for harassing NFI by making knowingly inaccurate and reckless allegations that NFI has a significant 'history of falsifying driver records."[1] Plaintiffs stand by their statement, contending that it is adequately supported by the record.

---

[1] See Record Document No. 96, Defendant's Rule 11 Motion for Sanctions, p. 1.

Doc#1947

## ANALYSIS

"[T]he central purpose of Rule 11 is to deter baseless filings in district court.... Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.' An attorney who signs the paper without such a substantiated belief 'shall' be penalized by 'an appropriate sanction.' Such a sanction may ... include payment of the other parties' expenses."[2] As the Advisory Committee on the Federal Rules of Civil Procedure further elaborates: "The rule continues to require litigants to 'stop and think' before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention."[3] A claim is frivolous under Rule 11 when it is "either not well-grounded in fact or unwarranted by existing law."[4]

The Court finds that Plaintiffs' claims that "NFI has a history of being cited and penalized by federal regulators for driver log violations and falsifications" are

---

[2] **Cooter & Gell v. Hartmarx Corp.**, 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

[3] Fed. R. Civ. P. 11 Advisory Committee's note.

[4] **Cruz v. Savage**, 896 F.2d 626, 632 (1st Cir.1990).

Doc#1947 2

well-grounded in fact. The Federal Motor Carrier Safety Administration ("FMCSA") charged NFI with thirty seven violations of "49 CFR § 395.8(e) – False reports of records of duty status."[5] These charges resulted in the imposition of enforcement action and fines against NFI. Defendant admits that the deposition transcript of Lee Robledo "plainly reveals" that "a single NFI employee, Tom Klentz... was discovered by NFI – as part of its own internal compliance review – to have falsified some records."[6] Moreover, Defendant acknowledges that "[t]he FMCSA did suggest, without reaching any conclusions, that some driver records were falsified after receipt by NFI but before FMCSA could review them."[7]

Defendant argues that the drivers, not NFI, submitted false information to NFI and that "a violation does not necessarily mean that a carrier has falsified records received from a driver."[8] Such a distinction is immaterial. Plaintiffs asserted that NFI had a history of being cited and penalized for falsifications, and the evidence reflects that NFI was, in fact, charged and fined for submitting false records in the past. Defendant also states that "the record supports that NFI has combated driver record falsification, not encouraged it."[9] Again, Defendant's

---

[5] Record Document No. 99-5, Exhibit E, p. 2.

[6] Record Document No. 96-1, Defendant's Rule 11 Motion for Sanctions, p. 3.

[7] Record Document No. 131, Defendant's Reply Memorandum supporting its Rule 11 Motion for Sanctions, pp. 3-4.

[8] Record Document No. 131, Defendant's Reply Memorandum supporting its Rule 11 Motion for Sanctions, p. 4.

[9] Record Document No. 131, Defendant's Reply Memorandum supporting its Rule 11 Motion for Sanctions, p. 4.

Doc#1947                                    3

argument misses the mark. The fact that NFI may have tried to combat, rather than encourage, driver record falsification does not necessarily mean that NFI did not have a "***history of being cited and penalized*** by federal regulators for driver log violations and falsifications."

Plaintiffs move this Court to Order the defendant to pay all costs associated with its Motion for Sanctions and to pay Plaintiffs' reasonable attorneys' fees incurred by opposing the defendant's Motion for Sanctions. Although such a sanction is appealing, the Court will instead remind counsel for Defendants of their Rule 11 obligations.[10] Therefore, the parties shall bear their respective costs incurred in connection with this motion.

Accordingly, for the foregoing reasons assigned,

IT IS ORDERED that Defendant's Motion for Sanctions (Doc. No. 96) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Tax Costs and Assess Reasonable Attorneys' Fees (Doc. No. 100) is **DENIED**.

Baton Rouge, Louisiana, this 1st day of June, 2011.

RALPH E. TYSON, CHIEF JUDGE
**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[10] Specifically, Rule 11 "prohibits filings made with 'any improper purpose,'" and "the offering of 'frivolous' arguments." **Young v. City of Providence ex rel. Napolitano**, 404 F.3d 33, 39 (1st Cir.2005).